IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Emmie F. Curlett, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:11-765-RMG |
| vs. ) | |
| ) | |
| Michael J. Astrue, Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying her disability insurance benefits. In accord with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation on June 28, 2012 recommending that the Commissioner's decision be reversed and remanded. (Dkt. No. 33). The Commissioner has advised the Court that he does not intend to file objections to the Report and Recommendation. (Dkt. No. 35).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the

Magistrate Judge. 28 U.S.C. § 636(b)(1).

The Court has reviewed the well written Report and Recommendation of the Magistrate Judge and finds that her findings and conclusions are well supported by the record and applicable case law. Therefore, with the exception of Section II(B)(4), of the Report and Recommendation (Dkt. No. 33 at 24-25), the Court adopts the Report and Recommendation of the Magistrate Judge.[1] The decision of the Commissioner is hereby **REVERSED** and **REMANDED**, pursuant to Sentence Four of 42 U.S.C. 405(g), for further action consistent with this Order.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

July 25, 2012
Charleston, South Carolina

---

[1] Plaintiff submitted certain new and material medical evidence in support of her claim to the Appeals Council, as is authorized by Social Security regulations. 20 C.F.R. § 404.968, 404.970(b). *See*, Record at 361-370. This newly submitted evidence, which was made part of the record, included treatment notes from a treating specialist physician which conflicted with other evidence in the record and the findings of the ALJ. Under the Fourth Circuit's recent holding in *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2012), where new and material evidence is offered for the first time to the Appeals Council and conflicts with other evidence "credited by the ALJ", then remand is necessary for the fact finder to weigh the new evidence and to reconcile it with other conflicting and supporting evidence in the record. *Id.* Therefore, the failure of any fact finder to weigh and reconcile the new and material evidence submitted to the Appeals Council in this matter establishes a separate and independent basis for reversal and remand.